UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY ET AL.,

                Plaintiff,

   -against-

YAKOV ZILBERMAN, D.C., YAN Z
CHIROPRACTIC, P.C., MAZ
CHIROPRACTIC, P.C., SANFORD
CHIROPRACTIC, P.C., DOS MANOS
CHIROPRACTIC, P.C., JOHN DOES 1-
10,

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-00209-FB-RML

*Appearances:*
*For the Plaintiff*:
BARRY I. LEVY
SEAN P. GORTON
MICHAEL A. SIRIGNANO
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 115566

*For the Defendant*:
MATTHEW J. CONROY
MARIA CAMPESE
Schwartz, Conroy & Hack, PC
666 Old Country Road, Suite 900
Garden City, NY 11530

**BLOCK, Senior District Judge:**

    Plaintiffs (collectively "GEICO") bring this action against Yakov Zilberman, Yan Z Chiropractic, Maz Chiropractic, Sanford Chiropractic, Dos Manos Chiropractic, and John Does 1-10 alleging civil RICO violations, common law fraud, unjust enrichment, and aiding and abetting fraud. They also seek a declaratory

1

judgment that defendants have no right to receive payment for "pending bills submitted to GEICO under the names of the PC defendants." ECF No. 1 at 47-48.

GEICO now moves for a preliminary injunction to stay (1) "all No-Fault insurance collection arbitrations between the PC Defendants and GEICO pending before the American Arbitration Association ("AAA") and all state court and civil court collection lawsuits between the PC Defendants and GEICO, until resolution of the instant federal court action" and (2) "enjoining the Defendants from commencing any new No-Fault insurance collection arbitrations or civil court collection lawsuits against GEICO on behalf of the PC Defendants, until resolution of the instant federal court action." ECF No. 24-11 at 5.

For the following reasons, GEICO's motion is granted.

## I. Motion for Preliminary Injunction

In order to justify a preliminary injunction, the movant must establish "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Kelly v. Honeywell Int'l, Inc.,* 933 F.3d 173, 183-84 (2d Cir. 2019) (internal citations and quotations omitted). "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary

injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono,* 175 F.3d 227, 234 (2d Cir.1999)).

### A. Irreparable Harm

"Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015).

"Irreparable harm occurs where 'an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action.'" *Gov't Emps. Ins. Co. v. Moshe*, No. 120CV1098FBRER, 2020 WL 3503176, at *1 (E.D.N.Y. June 29, 2020) (quoting *State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215, 233 (E.D.N.Y. 2018)); see also *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 222 (E.D.N.Y. 2013) ("there is a concern here with wasting time and resources in an arbitration with awards that might eventually be, at best, inconsistent with this Court's ruling, and at worst, essentially ineffective").

There are at least 650 related civil lawsuits and 120 pending arbitrations that present a risk of inconsistent judgments. ECF No. 24-11 at 14. This establishes irreparable harm under well-established authority. *See, e.g., Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443, 449 (E.D.N.Y. 2020), *appeal dismissed* (May 11, 2020).

## B. Serious Question Going to the Merits

GEICO must demonstrate, at this stage, "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in GEICO's favor. *Parisien*, 352 F. Supp. 3d at 234.

The complaint provides an extremely detailed overview of a complicated scheme in which the defendants are alleged to have (1) provided fraudulent healthcare services that were not medically necessary, (2) used billing codes that exaggerated the level and type of medical services provided in order to increase the charges submitted to plaintiffs, (3) provided the fraudulent medical services pursuant to the wishes of laypersons who were not licensed to provide healthcare services, and (4) relied upon illegal kickback arrangements in the advancement of the allegedly fraudulent scheme. *See generally* ECF No. 1.

Numerous courts have found a "serious question going to the merits" under similar circumstances. *See Elzanaty*, 929 F. Supp. 2d at 222 (finding details regarding "a complicated scheme of alleged fraudulent activity" sufficient); *Wellmart RX, Inc.*, 435 F. Supp. 3d at 453 ("GEICO easily meets the threshold of showing a serious question going to the merits"); *Gov't Emps. Ins. Co. v. Cean*, No. 19CV2363PKCSMG, 2019 WL 6253804, at *5 (E.D.N.Y. Nov. 22, 2019) ("GEICO has alleged, in significant detail, facts relating to Defendants' fraudulent

4

activity in its Complaint, describing fraudulent medical treatment, deceitful billing protocols, and an illegal kickback and referral scheme").

Accordingly, GEICO has satisfied this prong of the test.

### C. Balance of Hardships

As the Court finds that there are "serious question[s] going to the merits," it must further inquire as to whether that there is a "balance of hardships tipping decidedly" in plaintiff's favor. *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 33 (2d Cir. 2010); *see also Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). The irreparable harms discussed previously also tip the equities in plaintiff's direction. As Judge Chen explained in *Cean*,

> granting the stay and injunction will actually save all parties time and resources. Rather than adjudicating hundreds of individual claims in a piecemeal fashion, all claims can be efficiently and effectively dealt with in a single declaratory judgment action.

2019 WL 6253804, at *5; *see also Elzanaty*, 929 F. Supp. 2d at 222 (finding that "all parties will benefit from having the issue of fraudulent incorporation determined in one action").

The balance of hardships clearly favors GEICO.

5

**D. Bond**

Rule 65(c) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper." "A district court has a wide discretion to dispense with the bond requirement 'where there has been no proof of likelihood of harm.'" *Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17-CV-2802, 2018 WL 6031156, at *10 (E.D.N.Y. Nov. 16, 2018) (quoting *Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012)).

GEICO seeks to "waive the security requirement" because the "requested stay and injunction will not cause defendants any prejudice at all." ECF No. 24-11 at 25. As this Court has previously noted, "GEICO undoubtedly has the ability to pay if defendants prevail." *Moshe*, 2020 WL 3503176, at *4. Moreover, there is ample support for GEICO's request. *See Wellmart RX, Inc.*, 435 F. Supp. 3d at 456 (waiving the security requirement in light of the "systemic nature of fraud alleged in the complaint and the lack of prejudice to defendants resulting from a preliminary injunction"); *Mayzenberg*, 2018 WL 6031156, at *10 (E.D.N.Y. Nov. 16, 2018) (not requiring security based on same considerations); *Elzanaty*, 929 F. Supp. 2d at 222 (same).

Accordingly, the Court waives the security requirement of Rule 65(c).

## CONCLUSION

GEICO's motion for a preliminary injunction is GRANTED, and a preliminary injunction is issued (1) staying all of defendants' pending arbitrations and civil collection lawsuits against GEICO and (2) enjoining defendants from commencing new no-fault arbitrations and litigations against GEICO until resolution of the instant federal court action.

**SO ORDERED.**

                                                                                 _/S/ Frederic Block_____
                                                                                 FREDERIC BLOCK
                                                                                 Senior United States District Judge

Brooklyn, New York
March 25, 2021