*LITIGATION RETAINER AGREEMENT*

September __, 2021

PERSONAL AND CONFIDENTIAL

Gary Tsirelman, P.C.
129 Livingston Street, 2nd and 3rd Floors
Brooklyn, NY 11201

THIS RETAINER AGREEMENT ("Agreement") is entered into on the earliest date shown below by and between Gary Tsirelman, P.C., ("the Firm") and Yakov Kruglyak, ("the Client").

1. <u>Scope of Agreement</u>

The Client hereby hires the Firm to provide comprehensive legal services in the matter of Government Employees Insurance Company, et al., v. Yakov Zilberman, D.C., et al., Index No. 22-cv-00209 ("the Litigation") and to do all things necessary to bring the above-referenced Litigation to a conclusion, either by settlement or by trial. The Firm will use all attorneys and staff to defend the Client in this matter. The Firm will diligently and faithfully attempt to defend the interests of the Client cases to the best of its abilities. The Firm makes no promises or guarantees, express or implied, as to the eventual outcome of the Litigation.

This Agreement shall not extend to any appeals or any matter subsequent to or otherwise separate from the Litigation named above.

2. <u>Duties of the Firm and Client</u>

The Firm shall provide those services reasonably required to represent the Client in the matter described in Section 1 of this Agreement. The Firm will also take reasonable steps to keep the Client informed of the status of the Litigation and to respond to Client's inquiries.

The Client shall be truthful with the Firm, cooperate with the Firm, keep the Firm informed of any significant developments related to the Litigation, perform any obligations the Client has agreed to perform under this Agreement, pay the Firm's bills with fourteen (14) days of being rendered, and keep the Firm notified of the Client's address, telephone number and whereabouts. The Client warrants and guarantees that the claims underlying the Litigation, including any subject No-Fault bills or claims, do not involve any fraudulent activity on the part of the Client and its associates, employees, agents, and affiliates to the best of the Client's knowledge.

Retainer Agreement Between Yakov Kruglyak and GTPC for federal case Government Employees Insurance Company, et al., v. Yakov Zilberman, D.C., et al., Index No. 20-cv-00209

3. Billing

Client agrees to pay the Firm for its services at the following rates: an hourly fee of $600.00 per hour for any senior attorney that works on the Litigation; $400.00 per hour for any junior attorney that works on the Litigation; and $50.00 per hour for any paralegal that works on the Litigation. The Client agrees to pay the Firm a retainer fee of $5,000.00 (five thousand dollars) within two weeks of the date the Client executes this Agreement. The Firm will not bill Client for the first $5,000.00 (five thousand dollars) worth of work provided under this Agreement. When such a retainer fee is depleted, the Firm will ask the Client to supplement the retainer on an as-needed basis. The Firm agrees to bill the Client on a regular basis but the Client understands and agrees that the Firm may not send the Client a bill for a period of 3 (three) months or more.

The Client acknowledges that the Firm may represent other Defendants in this matter. The Firm will inform the Client of any other Defendants it represents. When work done by the Firm applies equally to the Client and any other Defendants or parties represented by the Firm, the Firm will split the applicable time billed for that work equally amongst the parties it represents. For example, when attending a conference regarding setting deadlines for discovery that lasts one hour, the Firm will bill each party it represents a proportional amount of that hour, with a minimum of one tenth of an hour (six minutes) billed to each represented party for shared work.

From time to time the firm will need to hire expert witnesses, accountants, and/or other professionals. The Firm shall consult with the Client on any such expense that is higher than $400.00 (four hundred dollars) and the Firm shall not hire any expert or expert witness unless it has received the Client's permission and authorization. The Client will be solely responsible for any fees that are paid to these consultants and/or experts.

4. Discharge or Withdrawal

The Client may terminate this agreement and Discharge the Firm, with or without cause, upon notice to the Firm. Termination will not affect the Client's obligation to pay the Firm for all legal services rendered and expenses incurred prior to termination. If the Client terminates this agreement and transfers the case or cases to another attorney, the Client will have to pay the Firm for any disbursements and/or court fees that were paid by the Firm.

Retainer Agreement Between Yakov Kruglyak and GTPC for federal case Government Employees Insurance Company, et al., v. Yakov Zilberman, D.C., et al., Index No. 20-cv-00209

5. Termination or Conclusion

Upon the termination or conclusion of the Firm's services, all unpaid charges for services rendered and costs incurred or advanced through the termination or conclusion date shall become immediately due and payable. The Firm will return the Client's file to the Client immediately upon the Client's payment to the Firm of all mounts due (if any) and upon the Client's written notification to the Firm that the Client has terminated this agreement and is requesting its files

6. Disputes

If any dispute arises pursuant to this agreement, the Client and the Firm agree to submit any and all such dispute to binding arbitration by the American Arbitration Association in the State and City of New York.

7. Miscellaneous

(a) This Agreement is executed voluntarily and without any duress or undue influence on the parties or their officers, employees, agents, or attorneys. Neither party is relying upon any inducements, promises, or representations not contained herein made by the other party or any of its officers, employees, agents or attorneys.

(b) Any provision of this Agreement which is invalid, illegal, or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective only to the extent of such invalidity, illegality or unenforceability, and shall not in any manner affect the remaining provisions hereof in such jurisdiction or render any other provision of this Agreement invalid, illegal, or unenforceable in any other jurisdiction.

## *THIS SPACE LEFT INTENTIONALLY BLANK*

(c) This Agreement contains the entire agreement between the parties as to the subject matter thereof. This Agreement may not be modified or amended except by a written amendment signed by each party or, in the case of corporate parties, an officer of each such corporate party.

Retainer Agreement Between Yakov Kruglyak and GTPC for federal case Government Employees Insurance Company, et al., v. Yakov Zilberman, D.C., et al., Index No. 20-cv-00209

    (d) The Firm shall contact the Client at the following telephone numbers and/or e-mail addresses, should the Firm need to contact the Client. The Client agrees to advise the Firm if it ceases using or monitoring any of these telephone numbers or email addresses and to provide the Firm promptly with any new telephone numbers or email addresses:

        a.  Telephone Numbers: _____

        b.  Email Addresses: _____

I, on behalf of the Client, have received and reviewed the above retainer agreement and agree to all of its terms.

X _____        X _____

       (signature)                                                (print name)

Date: _____

County: _____        Sworn to before me this ____ day of _____, 2021

_____

*Notary Public*

Date: September____, 2021        By:

                                                                    _____

                                                                         Gary Tsirelman, P.C

                                                                         129 Livingston Street

                                                                         2nd and 3rd Floors

                                                                         Brooklyn, NY 11201