# MESTECHKIN LAW GROUP P.C.

| Oleg A. Mestechkin | South Brooklyn Office | Times Square Office |
|---|---|---|
| Wing K. Chiu | 1733 Sheepshead Bay Road • Suite 29 | 1001 Ave of the Americas • 11th Fl. |
| Nancy Lam | Brooklyn, NY 11235 | New York, NY 10018 |
| | 212.256.1113 | 212.256.1113 |
| | om@lawmlg.com | om@lawmlg.com |

December 3, 2021

**VIA ECF**

Hon. Judge Robert M. Levy, U.S.M.J.
U.S. District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2170

> **Re:**   *Gov. Employees Insur. Co. v. Zilberman et al.*, **No. 1:20-cv-00209-FB-RML**

Your Honor,

We represent non-party, Marina Yakubovsky, Trustee of The Daniel Z Irrevocable Living Trust (the "Trust"), which was granted leave on November 26, 2021 to file a reply in further support of the Trust's motion to quash the subpoena served by Plaintiffs on Bank of America.

In their Opposition **[Dkt 76**], Plaintiffs argue that the information requested is relevant to showing that Defendant Kruglyak used kickbacks from defendant Zilberman to fund the collection of patients for use in generating fraudulent billing for those patients. Plaintiffs rely on evidence of other companies supposedly operated by Kruglyak who supposedly issued checks that were then cashed at check-cashing establishments to presumably fund the recruitment of additional patients. This theory of relevance fails for two reasons.

First, Plaintiffs have already obtained the documents responsive to subpoenas from at least two check-cashing companies, Cambridge Clarendon and Blake Corp., that show cashing of checks issued by companies supposedly controlled by Kruglyak. However, Plaintiffs conveniently fail to inform that court that from the documents produced by these two companies ***did not contain a single check issued by the Trust***, thereby directly refuting Plaintiffs belief that Kruglyak used the Trust as a vehicle to issue checks to recruit additional patients.

Second, upon being provided with a list of companies whose checks were cashed, the Trust is willing to search its records for any checks issued to any such companies that Plaintiffs believe is a vehicle for funding the recruitment of patients and to search for any checks issued by any parties to the Trust that may be relevant to the issues in this case.

However, the Trust vehemently objects to a pre-judgment discovery of its every financial transaction that are private and should not be disclosed without any restrictions.

1

For these and the reasons discussed in the Trust's opening letter, this Court should quash Plaintiffs' subpoena in its entirety.

Respectfully submitted,

*/s/ Oleg A. Mestechkin*
Oleg A. Mestechkin, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I served the foregoing document via electronic

filing with the Clerk of the Court using the CM/ECF filing system.


*/s/ Nancy Lam*
Oleg A. Mestechkin (OM4108)
Wing K. Chiu, Esq. (WC5637)
Nancy Lam (NL4630)
**MESTECHKIN LAW GROUP P.C.**
1733 Sheepshead Bay Road, Suite 29
Brooklyn, NY 11235
Tel. (212) 256-1113
Fax. (646) 365-2069
om@lawmlg.com
wkc@lawmlg.com
nl@lawmlg.com

*Attorneys for Non-Parties The Daniel Z*
*Irrevocable Living Trust and Marina Yakubovsky,*
*Trustee of The Daniel Z Irrevocable Living Trust,*
*for the purpose of Motion to Quash*

3