

SEAN GORTON
(516) 357-3319
sean.gorton@rivkin.com

**VIA ECF**  December 10, 2021
Honorable Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Government Employees Insurance Co., et al. v. Zilberman, et al.*
         Docket No. 1:20-cv-00209(FB)(RML)

Dear Magistrate Judge Levy:

In accordance with Your Honor's November 26, 2021 Order, Plaintiffs (collectively "GEICO" or "Plaintiffs") respectfully submit this sur-reply in further opposition to non-party The Daniel Z Irrevocable Living Trust's (the "Trust") motion to quash GEICO's subpoena served on Bank of America seeking the Trust's bank records. See Docket Nos. 73, 76-78; Nov. 26, 2021 Order. At the outset, Plaintiffs note that Bank of America recently produced records responsive to the pertinent subpoena without objection.[1]

The Trust's reply essentially reiterates its argument that the bank records sought are irrelevant to GEICO's claims in this matter. See Docket No. 78. However, given the discovery obtained to date in this matter and as detailed in Plaintiffs' opposition, this argument fails to withstand any scrutiny. Fed. R. Civ. P. 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." It is well settled that "[r]elevance is to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" Sadis & Goldberg, LLP v. Banerjee, 2019 U.S. Dist. LEXIS 144654, at * 3 (S.D.N.Y. Aug. 26, 2019)(quoting State Farm Mut. Auto. Ins. Co. v. Fayda, 2015 U.S. Dist. LEXIS 162164, at * 7 (S.D.N.Y. Dec. 3, 2015)(internal quotation omitted)).

In this matter, GEICO alleges, among other things, that Kruglyak assisted with the operation of Zilberman's transient chiropractic operations and provided access to the patient base at various "medical mill" healthcare clinics in exchange for the payment of hundreds of thousands of dollars in kickbacks. As detailed in Plaintiffs' opposition, discovery obtained to date confirms that Kruglyak initiated an inordinate amount of seemingly innocuous financial transactions that, upon review of the payees' financial records, turned out to be nothing more than heavily concealed efforts to illegally convert large sums of money into cash that have no legitimate explanation

---

[1] Plaintiffs have refrained from reviewing the records and promptly informed the Trust's counsel of the production by Bank of America, which was made to Plaintiffs on December 1, 2021.

beyond Kruglyak's participation in a massive "no-fault" insurance fraud scheme effectuated by payment of kickbacks for referral of automobile accident victims. Given these circumstances, the bank records associated with an account <u>that Kruglyak – a named defendant in a RICO/insurance fraud lawsuit – paid over $500,000.00</u> are certainly relevant to GEICO's claims in this case. In fact, as set forth in Plaintiffs' opposition, Your Honor previously denied a motion to quash a subpoena for third-party financial records under highly analogous circumstances in this case. <u>See</u> July 29, 2021 Order denying Motion to Quash.

Finally, the Trust has failed to identify any reason why the records held by Bank of America are confidential and not subject to disclosure in response to subpoena. Nevertheless, Plaintiffs note that there is a confidentiality order in this matter, which would obviate any legitimate privacy concerns the Trust may have. <u>See</u> <u>Fayda</u>, 2015 U.S. Dist. LEXIS 162164, at * 16 (ordering production of financial records where impact of disclosure would be lessened by confidentiality order).

For the aforementioned reasons and the reasons set forth in Plaintiffs' opposition, Plaintiffs respectfully request the Court deny the Trust's motion to quash in its entirety. We thank the Court for its continuing attention to this matter.

                                                     Very truly yours,
                                                     RIVKIN RADLER LLP

                                                     /s/ *Sean Gorton*
                                                     Sean Gorton, Esq.

cc:    All counsel via ECF